# COMPOSITE EXHIBIT "B"



# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK TO SEARCH

| ERENIA SEQUEIRA VS GARDA CL SOUTHEAST, INC. | | | |
|---|---|---|---|
| Local Case Number: | 2020-005580-CA-01 | Filing Date: | 03/09/2020 |
| State Case Number: | 132020CA005580000001 | Judicial Section: | CA21 |
| Consolidated Case No.: | N/A | Case Type: | Discrimination - Employment or Other |
| Case Status: | OPEN | | |

**Parties**  Total Of Parties: 2

**Hearing Details**  Total Of Hearings: 0

**Dockets**  Total Of Dockets: 7

⇨ EXPORT TO CSV

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 03/24/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 6 | 03/24/2020 | | ESummons 20 Day Issued | Event | Parties: Garda CL Southeast Inc. |
| | 5 | 03/19/2020 | | Receipt: | Event | RECEIPT#:2590003 AMT PAID:$10.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEI |
| 📄 | 4 | 03/18/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 3 | 03/11/2020 | | Receipt: | Event | RECEIPT#:3590194 AMT PAID:$401.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RE |
| 📄 | 2 | 03/09/2020 | | Complaint | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 1 | 03/09/2020 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK TO SEARCH

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

HAVE FEEDBACK?

### General

Online Case Home    Civil / Family Courts Information    Login

### Help and Support

Clerk's Home    Privacy Statement    ADA Notice    Disclaimer    Contact Us

About Us



**HARVEY RUVIN**

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2020 Clerk of the Courts. All rights reserved.



🔝



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Garda CL Southeast, Inc.                                             March 30, 2020
Brett Kaplan Litigation & Liability Claims Specialist
GardaWorld
2000 NW Corporate Blvd
Boca Raton FL 33431

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2020-84

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1.  | **Entity Served:** | Garda CL Southeast, Inc. |
| --- | --- | --- |
| 2.  | **Title of Action:** | Erenia Sequeira vs. Foreign Profit Corporation, Garda CL Southeast, Inc. |
| 3.  | **Document(s) Served:** | Summons in a Civil Case<br>Complaint<br>Civil Cover Sheet<br>Complex Business Court |
| 4.  | **Court/Agency:** | Miami-Dade County 11th Judicial Circuit Court |
| 5.  | **State Served:** | Florida |
| 6.  | **Case Number:** | 2020-005580-CA-01 |
| 7.  | **Case Type:** | Wage & Hour Federal Statutory Violation |
| 8.  | **Method of Service:** | Hand Delivered |
| 9.  | **Date Received:** | Monday 03/30/2020 |
| 10. | **Date to Client:** | Monday 03/30/2020 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 20<br>Sunday 04/19/2020 — <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Jason S. Remer, Esquire<br>Miami, FL<br>305-416-5000 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 101 |
| 16. | **Notes:** | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

Filing # 104780107 E-Filed 03/18/2020 01:32:47 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ERENIA SEQUEIRA,

    Plaintiff,

vs.

Case No.: 2020-005580-CA-01

Foreign Profit Corporation
GARDA CL SOUTHEAST, INC

    Defendant.

_____/

MC
#1055
3\30\20
11:25 am

## SUMMONS IN A CIVIL CASE

**TO:** GARDA CL SOUTHEAST INC., through its registered agent:

    CORPORATE CREATIONS NETWORK, INC.
    801 US HIGHWAY 1
    NORTH PALM BEACH, FL 33408

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

    JASON S. REMER, ESQUIRE
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

    3/24/2020

_____
CLERK                                  DATE

_____
(BY) DEPUTY CLERK   907965

Filing # 104575332 E-Filed 03/09/2020 03:49:42 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

CASE NO: _____

**ERENIA SEQUEIRA,**

    **Plaintiff,**

v.

**Foreign Profit Corporation**
**GARDA CL SOUTHEAST, INC.**

    **Defendant.**

_____/

## COMPLAINT

COMES NOW, the Plaintiff, ERENIA SEQUEIRA, (hereinafter "Plaintiff"), on behalf of himself, by and through undersigned counsel, who files this Complaint against Defendant GARDA CL SOUTHEAST, INC., ("Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, GARDA CL SOUTHEAST, INC, having a place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and payment was due in Miami Dade County, Florida.

## FACTS COMMON TO ALL COUNTS

6. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. Throughout Plaintiff's employment, Plaintiff worked in excess of forty-six (46) hours per week. At all times material hereto, Defendant was on notice of and/or had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty-six (46) in a given work week.

8. Defendant failed to compensate Plaintiff at the required minimum wage and/or overtime rate of one and a half times Plaintiff's regular rate for all hours worked in excess of forty-six (46) within a single work week, as proscribed by the laws of the United States and the State of Florida.

9. Specifically, Plaintiff performed an average of six (6) hours of overtime each week for Defendant.

10. Plaintiff would often work from eight thirty (8:30) AM until seven thirty (7:30) but forced to clock out at five thirty (5:30) and work two (2) hours unpaid.

11. Plaintiff would continually complain to manager Candy Pravia about the missing overtime hourly pay from her paychecks.

12. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Wage & Hour Federal Statutory Violation Against*
### GARDA CL SOUTHEAST, INC.

13. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 12 of this Complaint as if set out in full herein.

14. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

15. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

16. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

17. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources,

accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

18. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

19. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

20. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

21. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of ninety-seven (97) per workweek as provided in the FLSA.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

23. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of ninety-seven (97) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *FLSA Retaliation Violation Against*
### *GARDA CL SOUTHEAST, INC.*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this Complaint as if set out in full herein.

25. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has

    testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

26. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

27. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

28. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

    C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

    D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated  3-9-20                              Respectfully submitted,

                                           _____
                                           Jason S. Remer, Esq.
                                           Florida Bar No.: 165580
                                           jremer@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 104575332 E-Filed 03/09/2020 03:49:42 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:_____
Judge: _____

Erenia Sequeira
Plaintiff
   vs.
Garda CL Southeast, Inc.
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $350,000

**III.   TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- __ Condominium
- __ Contracts and indebtedness
- __ Eminent domain
- __ Auto negligence
- __ Negligence – other
  - __ Business governance
  - __ Business torts
  - __ Environmental/Toxic tort
  - __ Third party indemnification
  - __ Construction defect
  - __ Mass tort
  - __ Negligent security
  - __ Nursing home negligence
  - __ Premises liability – commercial
  - __ Premises liability – residential
- __ Products liability
- __ Real Property/Mortgage foreclosure
  - __ Commercial foreclosure
  - __ Homestead residential foreclosure
  - __ Non-homestead residential foreclosure
  - __ Other real property actions
- __ Professional malpractice
  - __ Malpractice – business
  - __ Malpractice – medical
  - __ Malpractice – other professional
- __ Other
  - __ Antitrust/Trade Regulation
  - __ Business Transaction
  - __ Circuit Civil - Not Applicable
  - __ Constitutional challenge-statute or ordinance
  - __ Constitutional challenge-proposed amendment
  - __ Corporate Trusts
  - __ Discrimination-employment or other
  - __ Insurance claims
  - __ Intellectual property
  - __ Libel/Slander
  - __ Shareholder derivative action
  - __ Securities litigation
  - __ Trade secrets
  - __ Trust litigation
- __ County Civil
  - __ Small Claims up to $8,000
  - __ Civil
  - __ Replevins
  - __ Evictions
  - __ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes __ No __

**IV.  REMEDIES SOUGHT** (check all that apply):
  __ Monetary;
  __ Non-monetary declaratory or injunctive relief;
  __ Punitive

**V.  NUMBER OF CAUSES OF ACTION:**
  (Specify)

  2

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
  __ Yes
  __ No

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  __ No
  __ Yes – If "yes" list all related cases by name, case number and court:

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
  __ Yes
  __ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:  s/ Jason S Remer
  Attorney or party
FL Bar No.:  165580
  (Bar number, if attorney)
  Jason S Remer
  (Type or print name)
  Date:  03/09/2020

MAR 3 0 2020