UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-21783-KMM

ERENIA SEQUEIRA,

    Plaintiff,

v.

GARDA CL SOUTHEAST, INC.,
a foreign corporation,

    Defendant.
_____/

**DEFENDANT GARDA CL SOUTHEAST, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Garda CL Southeast, Inc. ("Garda"), by its attorneys and Pursuant to Rule 81(c), states its Answer and Affirmative Defenses to Plaintiff Erenia Sequeira's ("Plaintiff") Complaint as follows:

**JURISDICTION AND VENUE**

1. Garda admits Plaintiff purports to bring this action for unpaid wages in excess of $15,000, liquidated damages, and reasonable attorney's fees under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (the "FLSA.")

2. Garda admits the Court has subject matter jurisdiction over this action.

3. Garda is without sufficient knowledge to admit or deny the allegations contained in paragraph 3 of the Complaint pertaining to Plaintiff's residence, and, thus, denies the allegation. Garda admits Plaintiff is a covered employee for purposes of the FLSA.

4. Garda admits that it has a place of business in Miami-Dade County, where it employed Plaintiff, and that it was engaged in interstate commerce.

5. Garda admits venue is proper in Miami, Florida (and within the Southern District of Florida).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Paragraph 6 of the Complaint does not contain factual allegations, but rather, is a summary of relief sought, to which no response is required. To the extent a response is required, Garda states that Plaintiff does not appear to seek injunctive relief.

7. Garda denies the allegations in paragraph 7.

8. Garda denies the allegations in paragraph 8.

9. Garda denies the allegations in paragraph 9.

10. Garda denies the allegations in paragraph 10.

11. Garda denies the allegations in paragraph 11.

12. Garda is without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of the Complaint pertaining to Plaintiff's relationship to attorney Mr. Remer, and thus, denies the allegation.

## COUNT I
### Alleging Violations of FLSA Against Garda

13. Garda restates its answers to paragraphs 1 through 12 as if set forth herein.

14. Garda admits Plaintiff purports to bring this action for alleged unpaid overtime compensation. Garda denies that Plaintiff purports to bring this action on behalf of similarly-situated individuals, as such allegations are not present—other than what appears to be unintentionally included in paragraph 14 of the Complaint.

15. Paragraph 15 contains a legal statement to which no response is required. To the extent a response is required, Garda states that 29 U.S.C. § 207(a)(1) speaks for itself.

16. Paragraph 16 contains a legal statement to which no response is required. To the extent a response is required, Garda states that it admits the Court has jurisdiction over this matter.

17. Garda admits that it engages in interstate commerce.

18. Garda admits that it has an annual gross revenue in excess of $500,000 and satisfies the FLSA's coverage requirements based on interstate commerce.

19. Garda admits that it engaged in interstate commerce and satisfies the FLSA's coverage requirements based on interstate commerce.

20. Garda admits Plaintiff purports to recover unpaid wages, but denies that Plaintiff was not properly compensated.

21. Garda denies the allegations in paragraph 21.

22. Garda denies the allegations in paragraph 22.

23. Garda denies the allegations in paragraph 23.

With respect to the "Wherefore" clause following paragraph 23 of the Complaint, Garda denies the allegations and denies that Plaintiff is entitled to any of the relief requested therein or that Plaintiff is entitled to any of the relief sought in the Complaint.

## COUNT II
### Alleging FLSA Retaliation Against Garda

24. Garda restates its answers to paragraphs 1 through 23 as if set forth herein.

25. Paragraph 25 contains a legal statement to which no response is required. To the extent a response is required, Garda states that 29 U.S.C. § 215(a)(3) speaks for itself.

26. Paragraph 26 contains a legal statement to which no response is required. To the extent a response is required, Garda denies that it engaged in retaliation against Plaintiff.

27. Garda denies the allegations in paragraph 27.

With respect to the "Wherefore" clause following paragraph 23 of the Complaint, Garda denies the allegations and denies that Plaintiff is entitled to any of the relief requested therein or that Plaintiff is entitled to any of the relief sought in the Complaint.

## JURY DEMAND

Plaintiff's demand for a jury trial does not assert any factual allegations to which Garda is required to respond.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Garda under the FLSA.

2. Plaintiff's claims and the claims of any putative collective/class member(s)—to the extent the Complaint seeks to assert any[1]—are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, credits, or definitions under the FLSA.

3. Plaintiff's FLSA claims and the FLSA claims of any putative collective/class member are barred, in whole or in part, by the applicable statute of limitations to the extent Plaintiff or any putative collective/class member brings claims for any time period greater than two years for a non-willful violation, or three years for a willful violation.

---

[1] The case caption does not identify this as a putative collective action, and the only reference to "similarly situated" individuals is in paragraph 14 and appears to be accidental.

4. Plaintiff's claims and the claims of any putative collective/class member(s) fail to the extent they claim unpaid overtime wages during any period of time he or she worked in a position exempt from the overtime requirements of the FLSA.

5. Plaintiff's claims and the claims of any putative collective/class member(s) are barred, in whole or in part, because portions of the time periods for which they are claiming entitlement to overtime pay are *de minimis*.

6. Plaintiff's claims and the claims of any putative collective/class member(s) are barred, in whole or in part, as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities.

7. Plaintiff's claims and the claims of any or putative collective/class member(s) are barred as to any time for which they seek compensation that does not constitute compensable hours worked.

8. Garda acted in good faith and with reasonable grounds for believing that it was not in violation of the FLSA.

9. No act or omission of Garda alleged to have violated the FLSA was willful, knowing, or in reckless disregard of the provisions of the FLSA.

10. Plaintiff's claims and the claims of any putative collective/class members are barred, in whole or in part, by the doctrines of laches, waiver, settlement, accord and satisfaction, set-off, ratification, and/or estoppel.

11. Plaintiff's claims and the claims of any putative collective/class member(s) are barred to the extent Garda lacked actual or constructive knowledge of the hours they worked.

12. Plaintiff's claims and the claims of any putative collective/class member(s) are barred to the extent Garda did not suffer or permit them to work the hours they claim.

13. Plaintiff's claims and the claims of any putative collective/class member(s) are barred, in whole or in part, based upon the doctrine of unclean hands, or otherwise, to the extent they violated Garda's policies, practices, guidelines, and/or manager instructions.

14. Plaintiff and any putative collective/class member(s) are not entitled to some or all of the relief requested in the Complaint because, even if any unlawful practice(s) occurred, which Garda denies, such practice(s) was/were prohibited by Garda's policies and was/were not committed, countenanced, ratified, or approved by Garda.

15. Plaintiff's claims and the claims of any putative collective/class member(s) are barred, in whole or in part, as to any claims they settled or released or that were previously decided.

16. To the extent Plaintiff and any putative collective/class members are entitled to any unpaid wages, which Garda denies, Garda is entitled to a credit or setoff. This credit or setoff includes, without limitations, amounts erroneously overpaid to Plaintiff and any putative collective/class members, money paid pursuant to the collective bargaining agreement for hours not worked, and money or property wrongfully taken by Plaintiff and the putative collective/class members. The claims of Plaintiff and any putative collective/class members are barred to this extent because Plaintiff and the putative collective/class members would be unjustly enriched if they prevailed on any such claims.

17. Garda reserves the right to assert and rely on such other defenses as may become available or apparent during the course of this action and to amend its answer to assert such additional defenses.

WHEREFORE, Defendant, Garda CL Southeast, Inc., prays for entry of judgment in its favor and against Plaintiff, and that it be awarded its reasonable attorney's fees, litigation expenses, and costs, and such other relief as this Court deems appropriate.

Dated: May 12, 2020

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Attorneys for Defendant*
515 E. Las Olas Blvd, #1200
Ft. Lauderdale, FL 33301
Tel: (954) 525-1000
fax: (954) 463-2030

By: *s/Erika Royal*
Erika Royal
Fla. Bar No.: 154385
erika.royal@hklaw.com
Lauren Vanessa Lopez
Fla. Bar No.: 119274
vanessa.lopez@hklaw.com